Frank J. Kronenberg, J.
The petitioner (CPLR, art. 78), now detained in the Attica State Prison, was convicted of attempted burglary, third degree, in the Brie County Court on January 24, 1963, and sentenced to a term of not less than 2% nor more than 3% years. He was paroled upon that sentence on June 15,1964. What followed is briefly but sufficiently recited in the affidavit of the senior parole officer, New York State Division of Parole: ‘ ‘ The undersigned further deposes and says the above named petitioner was granted a parole as of June 15, 1964. On September 18, 1964 Investigator Stillwell of the New York State Police contacted the petitioner’s Parole Officer, Mr. Fietz, and discussed with him his suspicions of the petitioner’s involvement in a burglary on the night of 9/13— 14/64. Mr. Feitz cooperated with Investigator Stillwell in the investigation on that day and the petitioner was lodged in the Erie County Jail on 9/18/64 on Violation of Parole Warrant 32250 only. The Board of Parole declared Gravener delinquent as of 9/12/64 for Violation of curfew and the involvement in the burglaries. On 9/22/64 he was arraigned on a charge of Burglary 3rd degree in the Town of Clarence. On 10/1/64 he pled guilty to Petit Larceny and was sentenced to serve one year in the Erie County Penitentiary. He completed his Penitentiary sentence on 3/21/65 and was returned the same day to Attica Prison. He was not credited with any Parole Jail Time.” *1005 Thus it appears that the petitioner was retaken initially as a parole violator and not upon a charge of crime committed while on parole. Whether this arrest by parole authorities was at the behest of a member of the New York State Police in order to detain the petitioner while additional evidence sufficient to support a criminal charge was obtained, as alleged by the petitioner, is without legal significance although it may be inferred that the charge of a curfew violation committed on September 12, 19 G4, grew out of the discussions between the parole officer and the State Police investigator concerning the latter’s ‘ ‘ suspicions of the petitioner’s involvement in a burglary on the night of 9/13-14/64.”
The sole question presented here is whether the petitioner is entitled to credit upon his State prison sentence for the period between his arrest in Buffalo on September 18, 1964, and his return to State prison on March 21, 1965, or, in other words, whether the petitioner’s sentence commenced to run anew upon his arrest as a parole violator.
The leading authority upon this question is the oft-cited People ex rel. Rainone v. Murphy (1 N Y 2d 367) in which the factual situation was essentially parallel to that present here in that the relator, retaken as a parole violator by State authorities, was surrendered to Federal authorities for prosecution and subsequent imprisonment. The following language from the opinion in the Court of Appeals (p. 378) is, in my opinion, dispositive of the present application: “Upon the inception of imprisonment, the prisoner’s sentence commences to run. The Parole Board is permitted to ameliorate the punishment by releasing the prisoner on parole but he is in a prison still — a prison without walls. That is, he is permitted to serve his sentence outside of the prison walls. His sentence continues to run without interruption. The prisoner, by his own act of delinquency amounting to a violation of parole, may interrupt the running of the sentence. However, it begins to run again when he is apprehended and returned to the custody of the Parole Board. At that time, the Parole Board may reparole the prisoner (if a felony were not committed) or it may require him, to complete the balance of his State sentence in the State prison. Regardless, however, of what the Parole Board does with the prisoner, after it has regained custody of him, his State sentence continues to run.”
I have not overlooked the provisions of subdivision 2 of section 2193 of the Penal Law, which would, in any event, entitle the petitioner to credit upon his sentence for the period of time spent by him in the Erie County Jail from September 18, 1964, *1006 until he was charged for the crime of which he was later convicted, but that subdivision does not reach the factual situation here. Further, I do not regard the amendment made to section 218 of the Correction Law by chapter 473 of the Laws of 1960, providing that the interruption of a sentence by delinquency on parole continues until the return of the prisoner to an institution under the jurisdiction of the Commissioner of Correction, as diminishing the authority of the rule enunciated in the Rainone decision.
I, therefore, conclude that the petitioner’s sentence commenced to run anew upon his arrest by New York State parole authorities on September 18, 1964, and that the records of the Attica State Prison and of the New York State Board of Parole should be amended accordingly.'